*Wallace v. Lawrence*, No. 766-12-10 Wrcv (Teachout, J., October 8, 2014)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

| | |
|---|---|
| **SUPERIOR COURT** | **CIVIL DIVISION** |
| **Windsor Unit** | **Docket No. 766-12-10 Wrcv** |

**PATRICIA WALLACE, Individually and as**
**Administratrix of the Estate of Randall Wallace**
    **Plaintiff**


    **v.**


**YOLANDA LAWRENCE, M.D., et al.**
    **Defendants**

### DECISION
**Defendant Lawrence's Motion for Partial Summary Judgment (filed May 14, 2014)**
**Plaintiff Wallace's Petition for Interlocutory Review (May 20, 2014)**
**Defendant Springfield Hospital's Motion for Partial Summary Judgment (May 20, 2014)**
**Defendant Green's Motion for Entry of Final Judgment (May 20, 2014)**

This is a medical malpractice case. Plaintiff Patricia Wallace claims that she was given, and injured by, too high a dose of the sedative propofol when in the care of Defendants Yolanda Lawrence, M.D., her physician, Mark Green, C.N.R.A., a certified nurse anesthetist, and Springfield Hospital. During the pendency of this case, Ms. Wallace's husband, who claimed loss of consortium, died. Ms. Wallace was appointed the administrator of his estate and substituted herself in this case to maintain the loss of consortium claim. On May 15, 2014, the court granted summary judgment to Defendant Green on liability. Plaintiff seeks interlocutory review of that decision. Defendant Green seeks partial final judgment pursuant to Rule 54(b). Separately, Dr. Lawrence and Springfield Hospital each have filed partial summary judgment motions arguing that Mr. Wallace's loss of consortium claim did not survive his death.

*Interlocutory Review*

There are three criteria used to evaluate whether a case is appropriate for interlocutory review: whether the "ruling involves [1] a controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] that an immediate appeal may materially advance the termination of the litigation." V.R.A.P. 5(b)(1); see generally *In re Pyramid Co. of Burlington*, 141 Vt. 294 (1994) (discussing the criteria). Plaintiff disagrees with the court's summary judgment ruling but has not isolated an issue that is appropriate for interlocutory review. The court ruled on summary judgment that Plaintiff's expert's *specific* testimony was that Mr. Green did not breach any standard of care and that the expert's subsequent affidavit *generally* asserting the contrary in opposition to summary judgment was unavailing. Plaintiff's disagreement with court's analysis does not warrant an "exception to the normal restriction of appellate jurisdiction to the review of final judgments." *In re Pyramid Co. of Burlington*, 141 Vt. at 300. This case has been pending for nearly four years. Liability with regard to the other defendants remains an open question. Interlocutory review now would do little more than cause

unnecessary delay and expense, and waste[] scarce judicial resources." *Id*. Plaintiff's motion is denied.

### *Partial Final Judgment*

Rule 54(b) authorizes the court to enter partial final judgment that terminates part of the litigation only. Mr. Green seeks partial final judgment to the effect that Plaintiff's claims against him have been determined in his favor. Doing so would force Plaintiff to either appeal, and litigate the appeal in the Supreme Court and the nearly identical claims against the remaining defendants in the trial court at the same time, or forego appeal to avoid fighting on two fronts. Mr. Green has come forward with no support for a finding that there is "no just reason for delay." V.R.C.P. 54(b). Allowing the case to remain in an interlocutory phase with regard to Mr. Green's liability until all of the claims have been decided will avoid piecemeal litigation and any risk that the Supreme Court will be required to address the same issues in successive appeals. Mr. Green's motion is denied.

### *Survival of Loss of Consortium*

Defendants Lawrence and Springfield Hospital argue that the loss of consortium claim did not survive the death of Mr. Wallace. They cite no binding authority to that effect and they offer no compelling rationale in support of that conclusion. The issue is one of statutory interpretation. The relevant survival statute provides as follows: "In an action for the recovery of damages for a bodily hurt or injury, occasioned to the plaintiff by the act or default of the defendant or defendants, if either party dies during the pendency of such action, the action shall survive and may be prosecuted to final judgment by or against the executors or administrators of such deceased party." 14 V.S.A. § 1452. The question is whether a loss of consortium claim is a claim of "bodily hurt or injury."

Section 1452 is little changed from its original enactment in 1847, which also included the expression "bodily hurt or injury." The Vermont Supreme Court's interpretation of that language in *Whitcomb v. Cook*, 38 Vt. 477 (1866), controls this case. In *Whitcomb*, the plaintiff alleged wrongful arrest and false imprisonment after being jailed on a writ due to an unpaid debt. At some point, the plaintiff died and the defendant argued that the claims did not survive under the precursor to 14 V.S.A. § 1452. The trial court ruled in favor of survival. *Whitcomb*, 38 Vt. at 479. On appeal, the defendant argued that the statute did not apply because "bodily hurt or injury" "imports *violence*, *force*, a *wounding* of the *person*," circumstances that were not present in the plaintiff's claim. *Id*. at 480 (emphasis in original).

The Court's analysis begins with the observation that the harsh, old common law rule that torts die with the person had been so completely legislated away that "now [1863] . . . hardly any cause of action for damage to either person or property, is allowed to be defeated by the death of either the party injured or the party liable." *Id*. at 481. It then distinguished bodily hurt from bodily injury. Bodily hurt implies direct force applied to the body. *Id*. at 482. Bodily injury is much broader, and encompasses injuries to character and reputation, emotional distress, aggravation, and pecuniary losses. *Id*. In other words, between them, they generally describe the harms caused by torts. The court thus concluded, "We think the clear and plain intent of the

2

statute was to make all actions survive when the cause of action was for a physical injury to the person caused in any unlawful manner." *Id*. The legislature qualified hurt and injury with *body*, the court explained, solely "to carefully exclude certain actions which are sometimes by law writers included in the class of actions for personal injuries, such as actions of slander, and for malicious suits or prosecutions." *Id*. The Court dismissed the defendant's argument in favor of a narrower construction because the statute is "remedial" and should be "liberally construed." *Id*. at 483.

A loss of consortium claim plainly is within the ambit of "bodily injury," as construed in *Whitcomb*, and the operative statutory language has not changed. Loss of consortium describes harm to the marital partnership.

> [The marital] partnership with all its attendant and mutual correlatives includes and is summed up in the term "consortium." Reason and experience demonstrate that a marriage involving a husband and wife as partners secures to each other not only material services, but love, felicity, companionship, the exchange of ideas, consultation with respect to the family welfare and the rearing of children, and the maintenance of an intimacy abounding in reciprocal acts of kindness. In short, consortium includes all of the elements of the conjugal unity deriving from the status of husband and wife bound in the closest entity recognized by society.

*Albert v. McGrath*, 278 F.2d 16, 18 (D.C. Cir. 1960), quoted in 1 Jacob A. Stein, Stein on Personal Injury Damages Treatise § 2:3 (3d ed.) (WL updated Apr. 2014); see also *id*. (The loss of consortium "can be seen as embracing the kinds of mental or emotional interests that are directly compensable to the injured person for another's negligence or tortious conduct. The loss of love, affection, society, comfort, and sexual relations are inseparable and will often be indistinguishable from the emotional distress resulting from the injury to the spouse."). Injuries to these interests are not distinguishable from distress of mind, disgrace, aggravation, and pecuniary losses. See *Whitcomb*, 38 Vt. at 482 (including such injuries within the concept of "bodily injury"). Loss of consortium claims survive under 14 V.S.A. § 1452. Accord *Flight Line, Inc. v. Tanksley*, 608 So.2d 1149, 1166–69 (Miss. 1992) (loss of consortium claim survives death of spouse holding claim); *Bryant v. Kroger Co.*, 570 N.E.2d 1209, 1210–13 (Ill. Ct. App. 1991) (same).

## ORDER

Defendant Lawrence's Motion for Partial Summary Judgment is *denied*.
Plaintiff Wallace's Petition for Interlocutory Review is *denied*.
Defendant Springfield Hospital's Motion for Partial Summary Judgment is *denied*.
Defendant Green's Motion for Entry of Final Judgment is *denied*.

Dated this __ day of October 2014.

_____
Mary Miles Teachout
Superior Court Judge

3